UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | ) No. 1:16-cr-105-TRM-CHS-1 |
| | ) |
| DALON JOHNSON | ) |

## **MEMORANDUM AND ORDER**

  Defendant Dalon Johnson appeared for a hearing on August 20, 2025, in accordance with Federal Rules of Criminal Procedure 5 and 32.1 on the Petition and Order and the Amended Petition and Order for Warrant for an Offender Under Supervision [Doc. 49, Doc. 50 ("Petitions")] in the above matter.

  Defendant was placed under oath and informed of his constitutional rights. The Court determined that Defendant wished to be represented by an attorney and qualified for appointed counsel. The Court therefore appointed Federal Defender Services to represent Defendant. The Court also determined that Defendant had been provided and reviewed with counsel a copy of the Petitions.

  The Government moved that Defendant be detained without bail pending his revocation hearing before U.S. District Judge McDonough. Defendant waived his right to a preliminary hearing, but requested a detention hearing which took place immediately (the "Hearing").

Detention Hearing

  During the Hearing, the Parties presented their respective evidence, exhibits, proffers, and arguments, which included the following: (1) Defendant's proffer of facts pertaining to drug screens and suboxone treatment; (2) Defendant's assertion that he was currently homeless, but if released, could possibly reside with his mother; (3) the Government's proffer of Defendant's prior conviction for carjacking on November 13, 2013 and Defendant's positive drug tests while under supervision, including for fentanyl and methamphetamine; (4) the Government's proffer of Defendant's gang affiliation; and (5) the Government's proffer of the charges giving rise to the Petitions, including the theft at Walmart on February 13, 2025, a high-speed law enforcement pursuit in which Defendant was a passenger in a vehicle with two convicted felons on April 16, 2025, and the warrant and charge in July 2025 for theft of property involving various household items rented from Buddy's Home Furnishings. After fully considering the proof presented at the hearing, the Court makes the following findings.

Findings

(1) Based upon the Petitions and waiver of preliminary hearing, the Court finds there is probable cause to believe Defendant has committed violations of his conditions of supervised release as alleged in the Petitions.

(2) Federal Rule of Criminal Procedure 32.1(a)(6) provides that where, as here, a defendant is in custody for violating supervised release, "[t]he burden of establishing by clear and convincing evidence that the person will not flee or pose a danger to any other person or to the community rests with the person." As explained on the record at the conclusion of the hearing, the Court finds that Defendant has failed to prove by clear and convincing evidence that he is not a flight risk or a danger to any other person or to the community. The Court bases its conclusion on the following facts and circumstances analyzed pursuant to 18 U.S.C. § 3142(g) and the recommendation of the Probation Officer as more fully set forth in the Petitions and Orders for Warrant for Offender under Supervision. As an initial matter, the Court notes that Defendant has a criminal history of what are generally considered dangerous offenses, including carjacking, personal impersonation, and a violation of 18 U.S.C. § 922(g). The Court is also concerned about Defendant's lack of a stable residence, as the proof and argument submitted by counsel indicated Defendant was homeless. Although Defendant asserted a possibility that he could reside with his mother upon release, she was not present at the Hearing and the Court is without any information sufficient to confirm whether such a living situation would even be feasible. Defendant also failed numerous drug screens, testing positive for controlled substances at his intake appointment and several subsequent appointments. Although Defendant's counsel indicated Defendant's interest in being released into an outpatient treatment program, Defendant refused any referral for treatment as his intake appointment. Defendant suggested that additional conditions would be a sufficient safeguard, but the Court notes Defendant's repeated failure to comply with the *current* conditions of his supervised release. The Court has little confidence that Defendant would willingly comply with conditions more stringent than those to which he has so far been unable to adhere. Finally, the Court notes that although one of Defendant's recent charges was dismissed earlier this month, the company he has kept and the activities in which he has engaged (*e.g.*, a passenger in a car with convicted felons driving 116 miles per hour to evade law enforcement) create a litany of safety concerns not only for Defendant, but the community as a whole. Considering all of these findings, the Court simply cannot conclude there exists sufficient evidence—let alone the clear and convincing evidence required to carry Defendant's burden—that Defendant is neither a flight risk nor a danger to the community.

Accordingly, the Court **ORDERS** that:

(1) Counsel for Defendant and the Government shall confer and make best efforts to submit to U.S. District Judge McDonough a proposed Agreed Order with respect to an appropriate disposition of the Petitions.

(2) In the event counsel are unable to reach agreement with respect to an appropriate disposition of the Petitions, they shall request a hearing before U.S. District Judge McDonough.

(3) The Government's motion that Defendant be **DETAINED WITHOUT BAIL** pending further order from this Court is **GRANTED**.

SO ORDERED.

ENTER:

s/ _MIKE DUMITRU_
MIKE DUMITRU
UNITED STATES MAGISTRATE JUDGE

3